

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,141-03

### EX PARTE JEREMY CRESPIN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W08-16204-W(B) IN THE 363RD DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with a child and, after his deferred adjudication was revoked, sentenced to twenty years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Crespin v. State*, No. 05-12-01381-CR (Tex. App.—Dallas Feb. 27, 2013)(not designated for publication).

Applicant contends, among other things, that his trial counsel rendered ineffective assistance by failing to object to the transfer of the case from juvenile court, advising him that he could be found guilty without the complainant's testimony, advising him that the outcry statement could be

used against him even though the outcry occurred when the complainant was an adult, failing to attempt to suppress a phone call between Applicant and the complainant, failing to investigate Applicant's history of mental illness, and failing to properly challenge the revocation allegation.

The State and the trial court recommend granting relief on the ground that the transfer from juvenile court was improper. There is no indication in the habeas record that Applicant ever challenged the transfer order prior to his plea as required by Article 4.18 of the Texas Code of Criminal Procedure. It is also unclear whether the transfer order was improper because it alleged an offense date in 1996, when Applicant was over fifteen years old. The transfer order did not allege an offense date when Applicant was only fourteen years old, even though the indictment later alleged he was fourteen at the time of the same offense.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings as to whether Applicant objected to the transfer of his case out of juvenile court prior to his plea. The trial court shall make findings as to whether the transfer order was properly filed even though the later indictment alleged that Applicant committed the

3

offense when he was fourteen years old. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: December 17, 2014
Do not publish